UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOMINIQUE MORELAND                          CIVIL ACTION NO. 24-cv-1424

VERSUS                                       JUDGE EDWARDS

TYLER KOLB ET AL                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Dominique Moreland ("Plaintiff") has filed a Motion for Clarification Regarding RICO Damages Pleading Requirements (Doc. 55) and a Motion for Leave to File Third Amended Complaint (Doc. 56). The background for the motions is that Plaintiff's initial complaint with attachments consisted of 563 pages. She then filed an amended complaint with attachments totaling 328 pages. She asked to file a second amended complaint that was 298 pages plus attachments for a total of 1,682 pages.

The court entered an order (Doc. 44) that denied leave to file the proposed second amended complaint as an abuse of the judicial process. Plaintiff was granted leave to file a restated and amended complaint of no more than 35 pages in length (double spaced) and no more than 25 pages of exhibits.

Plaintiff filed a motion for leave to file a second amended complaint. The court entered an order (Doc. 50) that granted leave to amend despite the fact that Plaintiff abused the page limit by using a tiny font size and minimal margins. The court ordered that all future filings employ a font size of at least 12 and that the margins on each side and top and bottom of a page must be at least one inch.

Plaintiff now returns with a **Motion for Leave to File Third Amended Complaint (Doc. 56)** that presents a proposed 97-page amended complaint that is accompanied by 18 pages of exhibits. Plaintiff states that she wishes to add state law claims for simple kidnapping, simple burglary, simple burglary of an inhabited dwelling, and other state law crimes. Those are crimes that may be prosecuted by the district attorney. They are not tort or other civil claims that may be asserted in a civil case. Plaintiff also proposes to add RICO allegations and make more than 25 additional changes, clarifications, or additions to her prior complaint. She states that these additions only add a "small amount of content," and that while the number of pages may seem like substantially more than the 35-page complaint, that is because she is now following the proper font and margin requirements. A review of her proposed amended complaint (redlined) shows that a significant amount of new material has been added.

Plaintiff's **Motion for Clarification Regarding RICO Damages Pleading Requirements (Doc. 55)** asks the court for advice on the level of detail she must provide with respect to damages claims in connection with her proposed RICO claim. That motion is **denied** because the court does not give pre-filing legal advice to attorneys or unrepresented parties on such matters.

The court notes that even the most experienced attorneys are rarely able to successfully prosecute a civil RICO claim. Very few such claims are even filed in this division. It is almost certain that an unrepresented plaintiff will not be able to prevail on such a claim, and the assertion of such a claim will serve only to unduly complicate the proceedings and delay the resolution of the case. Plaintiff will likely ignore this

information and attempt to proceed with RICO and similar claims, but she will have at least been warned that her expectations are perhaps unwarranted.

Plaintiff's **Motion for Leave to File Third Amended Complaint (Doc. 56)** is also **denied**. Plaintiff is asserting civil rights claims that are obviously important to her. They are essentially Fourth and Fourteenth Amendment claims for unlawful search, excessive force, and malicious prosecution. Federal Rule of Civil Procedure 8(a) requires that a complaint include a "short and plain statement of the claims showing that the pleader is entitled to relief." Rule 8(d)(1) adds that each averment of a pleading "shall be simple, concise, and direct." The Supreme Court has explained that a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965.

The length of Plaintiff's proposed amended complaint, especially given the court's prior orders, is ridiculous. Many skilled and respected civil rights attorneys often file complaints with multiple, similar claims that are rarely longer than 20 to 25 pages. Plaintiff's proposed complaint is 97-pages (plus 18 pages of exhibits) with 268 numbered paragraphs. When a plaintiff filed a 116-page complaint with 242 separate paragraphs, asserting Eighth Amendment claims for improper medical care, an appellate court held that it was in clear violation of Rule 8 and could have been dismissed for that reason alone. Flayter v. Wisconsin Department of Corrections, 16 Fed. Appx. 507 (7th Cir. 2001). In Toth v. Wills Fargo Bank, 2013 WL 4805027 (E.D. Mich. 2013) a magistrate judge

recommended dismissal of an 83-page complaint that asserted multiple claims based on an alleged wrongful foreclosure. Similarly, the court in Shabazz v. Xerox, 2014 WL 4181600 (S.D. Ohio 2014) dismissed a 127-page complaint that attempted to assert numerous claims based on alleged conspiracies in connection with the enforcement of child support laws. An 85-page complaint filed by President Trump against the New York Times was found to be "decidedly improper and impermissible" under even the most lenient application of Rule 8. Trump v. New York Times Co., 2025 WL 2680597 (M.D. Fla. 2025). The president's complaint was struck with leave to file an amended complaint that could not exceed 40 pages.

  Plaintiff's proposed amended complaint is far too lengthy and convoluted to comply with Rule 8. Plaintiff will be given *one final opportunity* to propose an amended complaint that sets forth the claims she wishes to pursue in compliance with the Federal Rules of Civil Procedure. Her deadline for filing a motion for leave to amend is **November 7, 2025.** Any proposed amended complaint should be styled as, and will be treated as, a Restated and Amended Complaint that, if allowed to be filed, will supersede and replace the original complaint and any prior amendments. It may not exceed 40 pages in length (double spaced) in at least 12-point font with one-inch margins. Proposed exhibits may not exceed 25 pages. If Plaintiff proposes an amended complaint that the court finds is another attempted abuse of the judicial process, the court may dismiss this civil action with prejudice and enter final judgment.

Given this procedural development, any defendant who may have been served is granted an **extension of time to file an answer or other responsive pleading** until further order of the court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of October, 2025.

Mark L. Hornsby
U.S. Magistrate Judge